**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ANDRE FELIX, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FUTURE JUDGEMENT SOLUTIONS,<br><br>Defendant. | ) | Civil Action File No. 1:26-cv-04219-SEG |

**<u>DEFENDANT'S ANSWER</u>**

COMES NOW, Defendant Future Judgement Solutions ("Defendant"), by and through undersigned counsel, and answers the Class Action Complaint filed by Plaintiff Andre Felix ("Plaintiff"). Defendant expressly preserves, and does not waive by filing this Answer, all defenses stated below, including its objection to this Court's exercise of personal jurisdiction over Defendant. Except as expressly admitted, Defendant denies each and every allegation of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Lack of Personal Jurisdiction)**

This Court lacks personal jurisdiction over Defendant. Defendant is a Wyoming corporation and is not at home in Georgia. Defendant denies that it purposefully established contacts with Georgia giving rise to Plaintiff's claims sufficient to satisfy Georgia law and the Due Process Clause. Defendant expressly preserves its defense under Federal Rule of Civil Procedure 12(b)(2) and requests dismissal for lack of personal jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

**(Improper Venue)**

Venue is improper in this District because Defendant denies that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and denies the venue allegations in the Complaint. Defendant preserves all rights under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §§ 1391, 1404, and 1406, including dismissal or transfer to a proper venue.

## THIRD AFFIRMATIVE DEFENSE

**(Insufficient Process and/or Service of Process)**

To the extent the summons and Complaint were not served on an officer, managing or general agent, registered agent, or other person authorized by

appointment or law to receive service for Defendant, or otherwise were not served in compliance with Federal Rule of Civil Procedure 4, service is insufficient. Defendant preserves its defenses under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) pending completion of its review of the manner and authority of the person or entity purportedly served.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint, in whole or in part, fails to state a claim against Defendant upon which relief may be granted, including to the extent Plaintiff cannot plausibly establish that Defendant initiated or caused the challenged calls, that the calls used an artificial or prerecorded voice within the meaning of the TCPA, or that the calls were made without legally sufficient consent or otherwise in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

**FIFTH AFFIRMATIVE DEFENSE**
**(Standing)**

Plaintiff and each putative class member must establish Article III standing for each form of relief sought. To the extent Plaintiff or any putative class member did not receive a challenged call, did not suffer a concrete injury fairly traceable to Defendant, or lacks standing to seek prospective injunctive relief, the claims or

requested relief are barred. Defendant specifically preserves individualized standing objections as to absent class members.

**SIXTH AFFIRMATIVE DEFENSE**
**(Prior Express Consent / Consent Associated with the Intended Called Party)**

Plaintiff's claims are barred, in whole or in part, to the extent the challenged call or calls were made with prior express consent supplied by the intended recipient, subscriber, customary user, account holder, or another person authorized to provide the telephone number and consent to contact. Defendant further denies that any call for which consent was legally sufficient violated the TCPA merely because the number later may have been reassigned or used by another person, subject to all applicable law and FCC rules.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Direct or Vicarious Liability / Third-Party Acts)**

Defendant is not liable for calls, caller-identification information, recordings, routing, or other conduct initiated by independent third parties outside Defendant's control and not acting as Defendant's agent within the scope of any actual or apparent authority. Plaintiff bears the burden of proving that Defendant initiated or caused each challenged call and that a legally sufficient basis exists to attribute any third party's conduct to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
## (No Prohibited Artificial or Prerecorded Voice)

Plaintiff cannot recover for any call that did not use an artificial or prerecorded voice prohibited by 47 U.S.C. § 227(b)(1)(A)(iii). Defendant denies Plaintiff's characterization and attribution of the alleged recordings and demands strict proof concerning the source, creation, transmission, and technology used for each alleged message.

## NINTH AFFIRMATIVE DEFENSE
## (Applicable TCPA and FCC Exceptions, Exemptions, and Safe Harbors)

Defendant invokes all applicable statutory and regulatory exceptions, exemptions, safe harbors, limitations, and defenses under the TCPA and FCC rules and orders. Without admitting that any such provision is necessary to avoid liability, Defendant specifically preserves any defense supported by discovery concerning consent, reassigned-number database procedures, number reassignment or porting, or other FCC-recognized protection.

## TENTH AFFIRMATIVE DEFENSE
## (Mistake, Wrong Number, Reassignment, and Good Faith)

To the extent a challenged call reached Plaintiff because a telephone number was wrong, reassigned, ported, recycled, supplied inaccurately by a third party, or otherwise no longer associated with an intended recipient, any such call was

inadvertent and made without knowledge that the number was allegedly associated with Plaintiff. Such circumstances preclude any finding that Defendant knowingly or willfully violated the TCPA and support all other defenses available under applicable law.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Knowing or Willful Violation / No Treble Damages)**

Plaintiff cannot establish that Defendant knowingly or willfully violated the TCPA. Accordingly, even if a technical violation were established, which Defendant denies, Plaintiff and the putative class are not entitled to treble damages under 47 U.S.C. § 227(b)(3).

**TWELFTH AFFIRMATIVE DEFENSE**
**(No Entitlement to Attorneys' Fees)**

Plaintiff is not entitled to recover attorneys' fees merely by prevailing on a claim under 47 U.S.C. § 227(b). Rule 23 of the Federal Rules of Civil Procedure does not create an independent substantive right to fees. Plaintiff must identify and establish a separate legal basis for any fee award, and Defendant denies that such a basis exists here.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Basis for Injunctive Relief)**

Plaintiff is not entitled to injunctive relief because, among other reasons, Plaintiff cannot establish a real and immediate threat of future injury attributable to Defendant or otherwise satisfy the requirements for prospective equitable relief. Any request for an injunction broader than necessary to redress Plaintiff's own cognizable injury is also improper.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Putative Class Is Not Certifiable)**

The proposed class cannot satisfy Federal Rule of Civil Procedure 23. Among other deficiencies, individualized questions concerning call attribution, telephone-number ownership and use, intended recipient, consent and revocation, reassignment, call content, the use of any artificial or prerecorded voice, available defenses, standing, and damages predominate over common issues. Plaintiff also cannot establish typicality, adequacy, ascertainability, predominance, superiority, or the propriety of classwide injunctive relief.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Individualized Defenses and Lack of Common Proof)**

Plaintiff cannot establish liability or damages through common proof on behalf of the proposed nationwide class. Determining whether any particular call

was unlawful requires individualized evidence concerning the number called, the recipient and user at the relevant time, the source of the number, consent, any reassignment, the caller or calling vendor, the content and technology of the call, and any applicable statutory or regulatory defense. These individualized issues defeat or materially limit class treatment.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Equitable Defenses)**

Plaintiff's claims and requested equitable relief are barred or limited, to the extent supported by the evidence, by waiver, estoppel, unclean hands, consent, acquiescence, invited error, and other applicable equitable doctrines, including to the extent Plaintiff or another person using the number requested, induced, encouraged, or knowingly facilitated calls for the purpose of manufacturing or increasing statutory claims.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Intervening or Superseding Acts / Lack of Causation)**

To the extent Plaintiff suffered any cognizable injury, which Defendant denies, such injury was caused or contributed to by acts or omissions of Plaintiff or third parties over whom Defendant had no control, including persons who supplied, reassigned, used, or controlled the telephone number at issue or who

independently initiated or transmitted the challenged calls. Such acts bar or limit recovery against Defendant to the fullest extent permitted by law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Join Required Parties)**

To the extent complete relief or adjudication of the challenged calls requires the presence of an intended recipient, account owner, originating caller, telecommunications vendor, or other person or entity whose conduct is central to the alleged calls or consent, Plaintiff has failed to join a person required by Federal Rule of Civil Procedure 19. Defendant preserves this defense pending discovery concerning the identity and role of such persons or entities.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Constitutional and Statutory Limits on Aggregate Damages)**

To the extent Plaintiff seeks an aggregate statutory or treble-damages award that is grossly disproportionate to any actual harm or to Defendant's conduct, Defendant preserves all constitutional and statutory objections to such an award, including due-process limitations. Defendant further denies that Plaintiff has established any basis for punitive, exemplary, or multiplied relief beyond that expressly authorized and proven under the TCPA.

## FURTHER RESERVATION OF RIGHTS

Defendant has asserted the defenses reasonably available based on the information presently known. Discovery may reveal additional facts or defenses. Defendant reserves the right to amend this Answer and its defenses as permitted by the Federal Rules of Civil Procedure, the Local Rules, and any scheduling order entered in this action.

Defendant responds to the individually numbered paragraphs of the Complaint as follows:

## PREMILINARY STATEMENT

1. Defendant admits that Plaintiff purports to bring a putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant denies the remaining allegations in Paragraph 1.
2. Defendant denies the allegations in Paragraph 2.
3. Defendant denies the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. Defendant admits that Plaintiff purports to invoke federal-question subject-matter jurisdiction under 28 U.S.C. § 1331 and the TCPA. Defendant denies any remaining allegations or legal conclusions in Paragraph 4 to the extent a response is required.

5. Defendant denies the allegations in Paragraph 5 and specifically denies that venue is proper in this District.
6. Defendant denies the allegations in Paragraph 6.

## PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff in Paragraph 7 and therefore denies them.
8. Paragraph 8 states a legal conclusion concerning the definition of "person" under 47 U.S.C. § 153(39) to which no response is required. To the extent a response is required, Defendant lacks knowledge sufficient to admit or deny Plaintiff's legal status and therefore denies the allegation.
9. Defendant admits that Future Judgement Solutions is a Wyoming corporation. Defendant denies any remaining allegations inconsistent with that admission.
10. Defendant admits that, as a corporation, it is a "person" within the meaning of 47 U.S.C. § 153(39).
11. Defendant denies the allegations in Paragraph 11.

## FACTUAL ALLEGATIONS

12. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged subscription to, ownership of, or customary use of the telephone number identified in Paragraph 12 and therefore denies the allegations.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14, including the characterization, dates, and attribution of the alleged calls, and demands strict proof thereof.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the characterization and attribution in Paragraph 18. Any authentic recording speaks for itself, and Defendant denies any allegation inconsistent with the recording or with the actual source of the call.

19. Defendant denies that the quoted message in Paragraph 19 was placed by Defendant. To the extent Plaintiff possesses an authentic recording, the recording speaks for itself and Defendant denies Plaintiff's attribution, characterization, or paraphrase to the extent inconsistent with the recording or the facts.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged investigation described in Paragraph 23 and therefore denies the allegations.

24. Defendant lacks knowledge or information sufficient to form a belief about the calls Plaintiff allegedly made to callback numbers and denies the conclusion that any such callback establishes that Defendant placed or caused the challenged calls.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant is without sufficient information at this stage to admit or deny Plaintiff's allegation concerning whether Plaintiff has or previously had an account with Defendant and therefore denies the allegation.

27. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff personally provided the identified telephone number to Defendant and therefore denies the allegation. Defendant further denies any implication that no legally sufficient consent was supplied by another person on behalf of Plaintiff.

28. Defendant lacks knowledge sufficient to admit or deny Plaintiff's allegation concerning his own alleged consent and therefore denies it. Defendant specifically denies that any call for which legally sufficient consent existed violated the TCPA.

29. Defendant denies the allegations in Paragraph 29 to the extent they characterize, attribute, or imply unlawful conduct by Defendant.

30. Defendant denies the allegations in Paragraph 30 to the extent they characterize, attribute, or imply unlawful conduct by Defendant.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff listened to any alleged voicemail and therefore denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

## CLASS ACTION ALLEGATIONS

34. Defendant admits only that Plaintiff purports to bring this action under Federal Rule of Civil Procedure 23 on behalf of the proposed class described in Paragraph 34. Defendant denies that the proposed class is certifiable and denies the remaining allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35 to the extent a response is required and denies that Plaintiff has alleged a certifiable class.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's adequacy as a proposed class representative and therefore denies the allegations in Paragraph 46.

47. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged interests relative to unidentified putative class members and therefore denies the allegations in Paragraph 47.

48. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's intentions concerning prosecution of putative class claims and therefore denies the allegations in Paragraph 48.

49. Defendant lacks knowledge or information sufficient to form a belief as to the allegation concerning Plaintiff's retention of counsel in Paragraph 49 and therefore denies the allegation.

50. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 and therefore denies them.

51. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 and therefore denies them.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53 and each subpart thereof.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

**COUNT I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

63. Defendant incorporates its responses to Paragraphs 1 through 62 as though fully set forth herein and denies any allegation in Paragraph 63 inconsistent with those responses.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65 and denies that Plaintiff or any putative class member is entitled to damages or any other relief from Defendant.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff or any putative class member is entitled to any relief requested in the Complaint, including class certification, declaratory or injunctive relief, statutory or treble damages, attorneys' fees, costs, expenses, pre-judgment interest, or any other relief against Defendant. Defendant further denies all allegations in the Complaint not expressly admitted in this Answer.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant Future Judgement Solutions respectfully requests that the Court: (a) dismiss this action without prejudice for lack of personal jurisdiction and/or improper venue, or transfer the action if appropriate; (b) alternatively, enter judgment in Defendant's favor on the merits and dismiss Plaintiff's claims with prejudice; (c) deny class certification and all requested declaratory, injunctive, statutory, treble, fee, interest, and other relief; (d) award Defendant its costs to the extent permitted by law; and (e) grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of August, 2026.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No; 448584
John H. Bedard, Jr.
Georgia Bar No.: 043473

4855 River Green Parkway
Suite 310
Duluth, GA 30096
Telephone: 678-253-1871
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com
*Counsel for Defendant Future Judgement Solutions*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ANDRE FELIX, individually and on behalf of a class of all persons and entities similarly situated, | ) | |
| Plaintiff, | ) | Civil Action File No. 1:26-cv-04219-SEG |
| vs. | ) | |
| FUTURE JUDGEMENT SOLUTIONS, | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2026, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of Court using the Court's CM/ECF system, which will send notification of the filing to all counsel of record, including:

Valerie Chinn, Esq.
vchinn@chinnlawfirm.com

Anthony Paronich
Anthony@paronichlaw.Com

Respectfully submitted this 19th day of August, 2026.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No; 448584
John H. Bedard, Jr.
Georgia Bar No.: 043473