**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ANDRE FELIX, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

v.

FUTURE JUDGEMENT SOLUTIONS

Defendant.

Case No. 1:26-cv-04219-SEG

# <u>JOINT PRELIMINARY REPORT AND DISCOVERY PLAN</u>

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.2, Plaintiff Andre Felix ("Plaintiff") and Defendant Future Judgement Solutions ("Defendant") (collectively, the "Parties") by and through undersigned counsel, hereby respectfully submit this Joint Preliminary Report and Discovery Plan.

**1. Description of Case:**

**(a) <u>Describe briefly the nature of this action.</u>**

<u>Plaintiff's Statement:</u>

Plaintiff brings this putative class action alleging that Defendant Future Judgement Solutions violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), by placing non-emergency calls to Plaintiff's cellular

telephone number using an artificial or prerecorded voice without prior express consent. Plaintiff alleges that Defendant intended its calls for another person and routinely places artificial or prerecorded voice calls to wrong or reassigned cellular telephone numbers. Plaintiff seeks to certify a nationwide class of persons who received such calls on cellular telephone numbers despite not having an account in collections with Defendant.

Defendant's Statement:

Defendant denies liability under the TCPA, denies that it placed or caused the alleged unlawful calls, and opposes certification of the proposed class. Defendant preserves the defenses pleaded in its Answer, including personal jurisdiction, venue, process and service, standing, consent, call attribution, and individualized issues precluding class treatment. Participation in this Report and discovery does not constitute consent to jurisdiction or abandonment of those defenses.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Statement:

Plaintiff contends that Defendant placed multiple calls to his cellular telephone number using an artificial or prerecorded voice. Plaintiff alleges that Defendant placed prerecorded calls to his number on at least January 12, January 16, and May 26, 2026, even though Defendant intended to reach someone other than Plaintiff. The calls delivered substantially identical prerecorded messages

concerning the purported delivery of legal documents and directed the intended recipient to contact a callback number. Plaintiff alleges that he did not have an account with Defendant, did not provide his telephone number to Defendant, and did not consent to receive artificial or prerecorded voice calls from Defendant.

Defendant's Statement: Defendant is a Wyoming corporation. Defendant disputes the source and attribution of the alleged calls and recordings, Plaintiff's characterization of the technology used, and the allegation that Defendant used "Document Delivery Services" as a business designation. Whether Defendant initiated any challenged call, or is legally responsible for any third-party caller, remains disputed. Plaintiff's receipt and use of the number, consent history, alleged callbacks, and claimed injury remain subjects for discovery. Defendant's factual admissions are limited to those expressly made in its Answer.

**The legal issues** for determination, including threshold issues for the Court, **are as follows:**

1. Whether Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii).
2. Whether Defendant used an artificial or prerecorded voice in connection with the calls at issue.
3. Whether Defendant placed or caused to be placed calls to Plaintiff and members of the proposed class.
4. Whether Plaintiff or members of the proposed class provided prior express consent to receive the calls at issue.
5. Whether Defendant placed artificial or prerecorded voice calls to wrong or reassigned cellular telephone numbers as part of a common practice or procedure.
6. Whether Defendant acted willfully or knowingly.

7. Whether this action should be certified and is appropriate for class treatment under Federal Rule of Civil Procedure 23.
8. Whether Plaintiff and the proposed class members are entitled to statutory damages, treble damages, injunctive relief, and other relief available under the TCPA.
9. Whether personal jurisdiction and venue are proper.
10. Whether process and service were sufficient.
11. Whether Plaintiff has Article III standing for each requested remedy
12. Whether the Complaint states a claim.
13. The basis for any direct or vicarious liability, including agency or ratification; the legal sufficiency and scope of consent and any revocation.
14. Any applicable FCC exception or safe harbor supported by the evidence.
15. Whether the class is ascertainable and satisfies each applicable requirement of Rule 23(a) and (b), including commonality, typicality, adequacy, predominance and superiority.
16. Whether individualized proof of receipt, attribution, consent, injury and damages defeats certification; the availability of equitable defenses and any effect of intervening acts; and the legal basis for attorneys' fees, injunctive relief, interest and aggregate damages, including statutory and due-process limits.

These issues do not constitute admissions that any call, agency relationship, defense predicate, class member, or compensable injury exists.

The Parties may seek to amend this list as permitted by the Federal Rules, Local Rules, and the Court's orders. Identification of an issue does not concede that it is common to the proposed class.

**(c) The cases listed below (include both style and action number) are:**

(1) Pending Related Cases:

(2) Previously Adjudicated Related Cases:

None.

**2. <u>This case is complex because it possesses one (1) or more of the features listed below (please check):</u>**

x____ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses
x____ (3) Factual issues are exceptionally complex
x____ (4) Greater than normal volume of evidence
x____ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
x____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
x____ (11) Unusually complex discovery of electronically stored information

The checked factors reflect Plaintiff's position. Defendant does not stipulate that these factors apply to Plaintiff's individual claim or that the proposed class is certifiable. Defendant proposes phased discovery to resolve threshold issues efficiently before broader class discovery, with a defined eight-month outer period if the action proceeds, as set out below. Plaintiff opposes phased or bifurcated discovery. As explained more fully in Section 9 below, the discovery relevant to Plaintiff's individual claim substantially overlaps with the discovery necessary for class certification, and bifurcation would create duplication, delay, and unnecessary disputes concerning the boundary between individual and class discovery.

3. **Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Lead counsel for Plaintiff: Anthony Paronich
Paronich Law, P.C.

Lead counsel for Defendant:
John H. Bedard, Jr.
Jonathan K. Aust
Bedard Law Group, P.C.
4855 River Green Parkway, Suite 310
Duluth, GA 30096
Telephone: (678) 253-1871
jbedard@bedardlawgroup.com
jaust@bedardlawgroup.com

**4. Jurisdiction:**

Is there any question regarding this court's jurisdiction?

☒ Yes ☐ **No**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

<u>Defendant's Statement</u>: See Attachment A (one page). Defendant contests personal jurisdiction and preserves its standing objections. Defendant also preserves its separately pleaded venue and process/service defenses. Plaintiff invokes federal-question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3).

**5. The names of necessary parties to this action who have not been joined and any questions of misjoinder of parties and inaccuracies and omissions regarding the names of parties.**

**<u>Parties to This Action</u>:**

(a) The following persons are necessary parties who have not been joined:

<u>Plaintiff's Response</u>: None known at this time. To the extent discovery establishes that Defendant used any third-party vendor or other entity to place the artificial or prerecorded voice calls at issue, or was acting on behalf of another entity in connection with those calls, Plaintiff reserves the right to seek leave to add any appropriate party identified through discovery.

Defendant's Response: No additional required party has presently been identified. Defendant preserves its defense concerning any originating caller, vendor, account owner, intended recipient, or other person whose role may establish the need for joinder.

(b) The following persons are improperly joined as parties:

None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

The caption uses "Future Judgement Solutions," consistent with Defendant's Answer and corporate disclosure. References in this Report to "Future Judgment Solutions" should read "Future Judgement Solutions" (with an "e" in judgement). No other correction is presently identified by Defendant.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in Local Rule 15.**

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

Plaintiff's position: None at this time. Defendant may seek leave to amend its Answer or defenses if discovery provides a basis, subject to Rules 15 and 16 and the Court's scheduling order. No particular amendment is presently proposed.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. <u>Filing Times for Motions</u>:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

***(a)Motions to Compel:*** before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

***(b) Summary Judgment Motions:*** within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

***(c) Other Limited Motions:*** Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

***(d) Motions Objecting to Expert Testimony:*** Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

Plaintiff proposes and requests the deadline by which Plaintiff must file a motion for class certification be ten months from the date of entry of this Scheduling Order.

Plaintiff proposes and requests the deadline by which the Parties must file dispositive motions should be sixty (60) days from the date on which the discovery period ends

Plaintiff proposes and requests the below expert disclosure schedule:

Plaintiff to disclose expert(s) and serve expert report(s) by 150 days after the Court enters a Scheduling Order.

Defendant to disclose expert(s) and/or any rebuttal expert(s) and serve expert report(s) by 45 days after the Plaintiff's report; and

Plaintiff to disclose any rebuttal expert(s) and serve rebuttal expert report(s) by 30 days after the Defendant's report.

In summary, the Plaintiff's proposed dates are below:

| **Event** | **Plaintiff's Proposed Deadline** |
|---|---|
| **Plaintiff's opening expert disclosures and reports** | 5 months after entry of the Scheduling Order |
| **Defendant's expert and rebuttal expert disclosures and reports** | 45 days after Plaintiff's opening expert reports |
| **Plaintiff's rebuttal expert disclosures and reports** | 30 days after Defendant's expert reports |
| **Close of fact discovery** | 8 months after entry of the Scheduling Order |
| **Motion for class certification** | 10 months after entry of the Scheduling Order |
| **Dispositive motions** | 60 days after close of discovery |

**Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:**

The parties do not object to serving initial disclosures.

8. **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

9. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

<u>Plaintiff's Statement:</u>

Plaintiff anticipates that discovery will be needed concerning the requirements of Federal Rule of Civil Procedure 23 in support of Plaintiff's anticipated motion for class certification, as well as the merits of Plaintiff's TCPA claim. Plaintiff anticipates seeking discovery from Defendant and relevant third parties concerning: (1) call records and electronically stored information identifying calls placed using an artificial or prerecorded voice; (2) the telephone systems, platforms, vendors, and technology used to place the calls; (3) the prerecorded messages, scripts, recordings, and campaigns used by Defendant; (4) Defendant's records concerning Plaintiff's

telephone number and the person Defendant intended to reach; (5) Defendant's policies and procedures for obtaining, maintaining, and updating telephone numbers associated with accounts; (6) records identifying calls placed to wrong, reassigned, or otherwise incorrect telephone numbers; (7) records concerning consent to receive artificial or prerecorded voice calls; (8) Defendant's policies and procedures concerning TCPA compliance and wrong or reassigned telephone numbers; (9) complaints and other records reflecting calls placed to persons Defendant did not intend to reach; and (10) records and data necessary to identify members of the proposed class.

Plaintiff intends to submit expert testimony relevant to class certification, including testimony concerning Defendant's calling records and the identification of class members, and expert discovery prior to class certification will therefore likely be necessary.

<u>Defendant's Statement:</u>

Defendant anticipates discovery concerning: (1) its alleged Georgia contacts and the location of events underlying the claim; (2) process, service and the recipient's authority; (3) Plaintiff's subscription to, use and control of the number at the relevant times, and any reassignment or porting; (4) original voicemail files, call logs, screenshots, metadata, alleged callbacks and nonprivileged evidence

connecting each call to Defendant; (5) the identity and role of "Document Delivery Services," originating callers, carriers and vendors, and any basis for agency, control or ratification; (6) the source and operation of any artificial or prerecorded voice; (7) the intended recipient, source of the number, consent, revocation and any applicable reassigned-number procedures; (8) receipt, injury, causation, claimed damages and any threat of future harm; (9) facts bearing on class membership, typicality, adequacy and individualized defenses; and (10) available records and proposed expert methods for identifying class members and proving liability and damages through common evidence. Discovery may include Plaintiff, Defendant and appropriate nonparties.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those in detail below:**

None.

**10. <u>Discovery Limitations</u>:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None at this time.

(b) Is any party seeking discovery of electronically stored information?

☒ **Yes** ☐ **No**

**If "yes,"**

**(1)** The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

Defendant's Position

Defendant proposes that the Parties identify relevant custodians, systems, vendors, retention practices, date ranges, search methods and accessible data sources, and confer about reasonable limits before burdensome collection. No agreement that ESI is minimal, or that all classwide data is discoverable, is made. Phase I should focus on Plaintiff's number and the alleged calls, with earlier records as needed for number history and consent. Any later class discovery should address the pleaded period beginning July 27, 2022, with the scope and endpoint subject to relevance, proportionality and Court order. The Parties should confer about sampling and less burdensome sources before seeking restoration of inaccessible ESI or forensic imaging; Rule 26(b)(2)(B) remains applicable. Preservation extends to reasonably anticipated relevant individual and putative-class evidence despite any production sequencing, including original audio, call-detail records, routing data,

screenshots, relevant communications and metadata. The Parties should take reasonable steps to suspend deletion of relevant material within their possession, custody or control and address preservation by relevant vendors.

Plaintiff's Position

Plaintiff opposes Defendant's request to bifurcate discovery between Plaintiff's individual claim and the claims of the proposed class. The discovery relevant to Plaintiff's individual claim substantially overlaps with the discovery necessary for class certification. Whether Defendant placed or caused the challenged calls, the systems and vendors used to place them, the use of an artificial or prerecorded voice and the availability of common records identifying persons called at numbers associated with someone other than the intended recipient all bear directly on both the merits and Rule 23. In *James v. Smarter Contact, Inc.*, the Court denied bifurcation based on "the likelihood of overlapping individual and class discovery" and "the potential for unnecessary discovery disputes and motions." 2026 U.S. Dist. LEXIS 17211, at *3–4 (M.D. Fla. Jan. 28, 2026). Similarly, *Rodriguez v. ALG Vacations Corp.* recognized that bifurcation "frequently creates issues as to whether discovery requests relate to the individual plaintiff or the class," thereby further compounding discovery disputes. 2023 U.S. Dist. LEXIS 63033, at *5 (M.D. Fla. Apr. 11, 2023).

The same concerns are especially present here because Defendant itself identifies attribution, originating callers and vendors, artificial or prerecorded voice technology, intended-recipient information, consent, reassigned-number procedures, and methods of identifying class members as subjects requiring discovery. Those are not issues unique to Plaintiff; they concern Defendant's systems, records, practices, and calling conduct. Bifurcation would also require the parties and the Court to police an artificial line between merits and class discovery.

Finally, phased discovery risks delaying third-party discovery concerning calling, routing, carrier, and number-assignment information that may be subject to retention limitations. Plaintiff therefore requests that merits and class discovery proceed concurrently during a single discovery period.

**(2)** The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

The parties agree that documents should be produced in a reasonably usable form and, where practicable, organized and labeled to correspond to the requests to which they are responsive. Audio recordings should be produced in their original native format with available source, date, and other associated metadata. Structured data, including call-detail records and other database exports, should be produced in native or reasonably usable electronic format, such as CSV or Excel, together with

available field definitions or data dictionaries necessary to interpret the information. Other documents may be produced as searchable PDFs unless native production is reasonably necessary to preserve relevant metadata or functionality.

**11.<u>Other Orders:</u>**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties will propose a narrowly tailored confidentiality order for genuinely protected material, including sensitive nonparty information, upon a showing of good cause under Rule 26(c). Any proposed order will comply with the Court's Standing Order and the Court's sealing procedures; a confidentiality designation alone will not authorize sealing. Defendant also proposes an order under Federal Rule of Evidence 502(d) providing that disclosure of attorney-client privileged or work-product material in this action does not waive that protection in this or any other federal or state proceeding. Upon notice, the receiving party must comply with Rule 26(b)(5)(B), including sequestration and non-use pending resolution, while retaining the right to challenge the privilege claim.

**12.<u>Settlement Potential</u>:**

**(a)Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on** September 3**, 2026 via telephone and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff: *<u>/s/ Anthony Paronich</u>*

For Defendant: *<u>/s/ John H. Bedard, Jr.</u>*

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☒ A possibility of settlement before discovery.

☒ A possibility of settlement after discovery.

☐ A possibility of settlement, but a conference with the judge is needed.

☐ No possibility of settlement.

Plaintiff believes there is a possibility of settlement after discovery.
Defendant believes there is a possibility of settlement before discovery.

**(c)Counsel ☒ do ☐ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**13.<u>Trial by Magistrate Judge</u>:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do** ☒ **do not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 21st day of September, 2026.

*/s/ Anthony I. Paronich*
Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
*Counsel for Plaintiff and the proposed class*

BEDARD LAW GROUP, P.C.
By: *John H. Bedard, Jr.*
John H. Bedard, Jr. (Georgia Bar No. 043473)
Jonathan K. Aust (Georgia Bar No. 448584)
4855 River Green Parkway, Suite 310
Duluth, GA 30096
Telephone: (678) 253-1871
jbedard@bedardlawgroup.com
jaust@bedardlawgroup.com
Counsel for Defendant Future Judgement Solutions

**ATTACHMENT A**
**DEFENDANT'S JURISDICTIONAL STATEMENT**

The Complaint asserts one TCPA claim. Defendant recognizes the asserted federal-question basis, 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3), but disputes personal jurisdiction and preserves Article III objections.

Personal jurisdiction. Defendant's Answer states that it is a Wyoming corporation, is not at home in Georgia, and did not purposefully establish Georgia contacts giving rise to this claim. Defendant denies the allegation that it directed the challenged messages into this District. General jurisdiction ordinarily turns on where a corporation is incorporated or has its principal place of business; specific jurisdiction requires suit-related contacts attributable to Defendant. See Daimler AG v. Bauman, 571 U.S. 117, 137–39 (2014); Walden v. Fiore, 571 U.S. 277, 284–86 (2014); Fed. R. Civ. P. 4(k)(1)(A); O.C.G.A. § 9-10-91. Defendant requests resolution of its preserved objection on an appropriate factual record and does not concede jurisdiction through this Report.

Standing. Defendant disputes receipt and attribution of the alleged calls and injury fairly traceable to Defendant, and whether Plaintiff faces a real and immediate threat supporting an injunction. See TransUnion LLC v. Ramirez, 594 U.S. 413, 423, 431 (2021); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 105–06 (1983). Defendant does not contend that an unwanted call necessarily lacks concrete injury merely because no monetary loss occurred. See Drazen v. Pinto, 74 F.4th 1336, 1345 (11th Cir. 2023) (en banc). The objection concerns proof of receipt, traceability, and standing for the particular relief sought.

Defendant separately preserves improper venue and insufficient process/service as pleaded, under 28 U.S.C. §§ 1391, 1404 and 1406 and Rules 4 and 12. Those objections are not substitutes for subject-matter jurisdiction.